UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JOHNNY W. HOWARD | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:02-cv-265 |
| | ) | (3:00-cr-60) |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Johnny W. Howard ("Howard"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Howard's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Howard "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Howard is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Howard pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). He was sentenced to a term of imprisonment of 24 months on the drug charge and a consecutive term of 60 months on the firearm charge, for a total effective sentence of 84 months. His sentence was affirmed on direct appeal. *United States v. Howard*, 9 Fed.Appx. 367 (6th Cir. May 9, 2001). In support of his § 2255 motion, Howard alleges ineffective assistance of counsel and seeks to set aside the firearm conviction.

III. Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Howard must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Howard alleges his attorney failed to explain the elements of the § 924(c) gun charge, and thus allowed Howard to plead guilty to a crime for which he is actually innocent. Howard relies on *Bailey v. United States*, 516 U.S. 137 (1995), for the proposition that he did

not actively employ the firearm in question and thus should not have been convicted of that crime. According to Howard, he should have only received a two-level enhancement in the drug charge for possession of a firearm during a drug offense. Howard also alleges his attorney should have presented a defense to the firearm charge and should have raised his actual innocence on direct appeal.

Howard's allegation that he was not informed of the elements of the firearm offense is contradicted in the record. In accepting Howard's guilty plea, this court fully complied with the plea colloquy procedure as mandated by Rule 11 of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the time, Howard and the court specifically engaged in the following exchange:

> THE COURT: MR. HOWARD, HAVE YOU RECEIVED A COPY OF THE INDICTMENT THAT'S BEEN RETURNED AGAINST YOU?
>
> MR. HOWARD: YES, SIR. YES, SIR, I HAVE, YOUR HONOR
>
> THE COURT: AND HAVE YOU HAD AN AMPLE OPPORTUNITY TO DISCUSS THE CHARGES AGAINST YOU AND YOUR CASE WITH MR. KISSINGER?
>
> MR. HOWARD: YES, I HAVE, YOUR HONOR.
>
> THE COURT: AND HAVE YOU TOLD MR. KISSINGER EVERYTHING YOU KNOW ABOUT THE CASE?
>
> MR. HOWARD: YES, SIR.
>
> THE COURT: AND DO YOU BELIEVE THAT MR. KISSINGER IS FULLY AWARE OF ALL THE FACTS ON WHICH THESE CHARGES ARE BASED?
>
> MR. HOWARD: YES, I DO, YOUR HONOR.

THE COURT: AND HAS MR. KISSINGER ADVISED YOU OF THE NATURE AND MEANING OF THE CHARGES CONTAINED IN THE INDICTMENT?

MR. HOWARD: YES, SIR, HE HAS, YOUR HONOR.

THE COURT: AND HAS HE SPECIFICALLY ADVISED YOU AS TO EVERY ELEMENT OF THE OFFENSES CHARGED THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IN ORDER TO OBTAIN A CONVICTION AGAINST YOU.

MR. HOWARD: YES, SIR, HE HAS.

THE COURT: AND HAS MR. KISSINGER ADVISED YOU AS TO ANY DEFENSE THAT YOU MAY HAVE TO THESE CHARGES?

MR. HOWARD: YES, SIR, YOUR HONOR, HE HAS.

THE COURT: I UNDERSTAND THAT YOU'VE ENTERED INTO A PLEA AGREEMENT THAT'S BEEN HANDED UP TO ME. IS THIS YOUR SIGNATURE ON THE PLEA AGREEMENT?

MR. HOWARD: YES, YOUR HONOR, IT IS, SIR.

THE COURT: AND HAS MR. KISSINGER EXPLAINED THE TERMS OF THE PLEA AGREEMENT TO YOU?

MR. HOWARD: YES, SIR.

THE COURT: MR. HOWARD, ARE YOU SATISFIED WITH MR. KISSINGER'S ADVICE AND HIS REPRESENTATION OF YOU IN THIS CASE?

MR. HOWARD: YES, SIR, YOUR HONOR, I AM.

THE COURT: MR. KISSINGER, ARE YOU SATISFIED THAT MR. HOWARD UNDERSTANDS THE CHARGES, THE ELEMENTS OF THE OFFENSES CHARGED AND THE LEGAL MEANINGS OF THE WORDS USED IN THE INDICTMENT??

MR. KISSINGER: I AM, YOUR HONOR.

[Criminal Action No. 3:00-cr-60, Court File No. 22, Transcript of Change of Plea, pp. 6 - 8].

After this exchange, the court advised Howard of his constitutional rights. [*Id*. at 8-10]. The government then stated the factual basis for the plea:

> THE COURT: MR. WINCK, WOULD YOU PLEASE STATE THE GOVERNMENT'S CASE AGAINST THIS DEFENDANT?
>
> MR. WINCK: YOUR HONOR, ON MAY 8, 1999, LAW ENFORCEMENT OFFICERS IN KNOXVILLE, TENNESSEE, OBSERVED WHAT APPEARED TO THEM TO BE A DRUG TRANSACTION ABOUT TO TAKE PLACE OR TAKING PLACE BETWEEN THE DEFENDANT AND TWO MEN IN A CAR. THE DEFENDANT WAS STANDING BESIDE THE CAR.
>
> THEY APPROACHED THE CAR, AND AS THEY APPROACHED THE CAR THE DEFENDANT THREW DOWN THE CRACK THAT WAS LATER SEIZED AND BEGAN WALKING AWAY. SEIZED FROM THE DEFENDANT WAS A .22 CALIBER ROME (PHONETIC) REVOLVER MODEL RG10, SERIAL NUMBER 785155, AND FIVE ROUNDS OF .22 CALIBER AMMUNITION SEIZED WHICH WERE IN THE GUN. THESE WERE SEIZED FROM THE DEFENDANT.
>
> SEIZED FROM THE FLOOR AREA OF THE CAR OCCUPIED BY THESE OTHER TWO INDIVIDUALS WERE .1 GRAMS OF COCAINE BASE. AT THAT TIME, THE DEFENDANT HAD ALREADY BEEN CONVICTED IN 1978 FOR LARCENY FROM A PERSON FOR WHICH HE RECEIVED A TERM OF IMPRISONMENT OF THREE YEARS IN KNOX COUNTY CRIMINAL COURT, NUMBER A21574, ON AUGUST 8TH, 1977.
>
> HE HAD ALSO BEEN CONVICTED BY PLEADING GUILTY TO FELONIOUS AGGRAVATED ASSAULT AND WAS SENTENCED ON APRIL 3, 1995, TO A TERM OF IMPRISONMENT OF SIX YEARS IN KNOX COUNTY CRIMINAL COURT, NUMBER 54917.
>
> THE FIREARM WAS SEIZED [sic] FROM THE DEFENDANT WAS TESTED BY LAW ENFORCEMENT AGENTS AND WAS FOUND TO

OPERATE AS DESIGNED BY EXPELLING A PROJECTILE OF THE ACTION OF THE EXPLOSIVE.

THE COURT: THANK YOU. MR. HOWARD, DO YOU AGREE WITH THE GOVERNMENT'S SUMMARY OF WHAT YOU DID?

MR. HOWARD: YES, YOUR HONOR.

THE COURT: BASED UPON THOSE FACTS, HOW DO YOU PLEAD?

MR. HOWARD: GUILTY, YOUR HONOR.

THE COURT: AND DO YOU UNDERSTAND WHAT YOU ARE PLEADING GUILTY TO?

MR. HOWARD: YES, SIR, YOUR HONOR.

THE COURT: AND ARE YOU OFFERING TO PLEAD GUILTY BECAUSE YOU ARE IN FACT GUILTY?

MR. HOWARD: YES, SIR, YOUR HONOR.

[*Id*. at 10-11].[1] Howard was then advised by the government of the maximum penalties he was facing. [*Id*. at 11-12].

It is clear from the record that Howard was advised of the elements of the § 924(c) firearm offense. His allegation that his attorney failed to so advise him thus lacks merit.

In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court restricted the definition of "use" for purposes of 18 U.S.C. § 924(c) and held that "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." *Id*. at

[1]Essentially the same facts were set forth in the written Stipulation of Facts, signed by Howard and filed at the same time as his plea agreement. [Court File No. 3:00-cr-60, Court File No. 13].

149. To convict a defendant for "using" a firearm during a drug offense "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id*. at 143. To use a firearm connotes "more than mere possession of a firearm by a person who commits a drug offense." *Id*. at 143.

In *United States v. Riascos-Suarez*, 73 F.3d 616 (6th Cir. 1996), the Sixth Circuit addressed the meaning of the term "carries" in light of *Bailey*. The court found "that in order for a defendant to be convicted of carrying a gun in violation of section 924(c)(1), the firearm must be immediately available for use -- on the defendant or within his or her reach." 73 F.3d at 623. In *United States v. Moore*, 76 F.3d 111 (6th Cir. 1996), the Sixth Circuit also held that, in addition to immediate availability, there must also be "physical transportation" of the firearm. *Id*. at 113. *See also Muscarello v. United States*, 524 U.S. 125, 130 (1998) ("[n]o one doubts that one who bears arms on his person 'carries a weapon'").

Howard's claim that he was actually innocent of the firearm charge lacks merit. The weapon was seized from his person, and thus he was properly convicted of a violation of 18 U.S.C. § 924(c). His allegations that his attorney rendered ineffective assistance of counsel by failing to raise a defense to the firearm charge and by failing to raise the issue of actual innocence on direct appeal also lack merit. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993).

## IV. Conclusion

Howard is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan
United States District Judge